UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN HUFF,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THOMAS MOORE, *et al*.,<br><br>　　　　Defendants. | Case No. 1:19-cv-01248-JDP<br><br>SECOND SCREENING ORDER<br><br>SECOND AMENDED COMPLAINT DUE IN THIRTY DAYS<br><br>ECF No. 12<br><br>ORDER THAT THE CLERK'S OFFICE SEND PLAINTIFF A NEW COMPLAINT FORM |

　　　　Plaintiff Jordan Huff is a federal prisoner proceeding without counsel and *in forma pauperis* in this civil rights action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  On March 11, 2020, the previously assigned magistrate judge screened plaintiff's original complaint, finding that it was too brief and cursory to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  *See* ECF No. 6.  The judge gave plaintiff the opportunity to submit an amended complaint, which plaintiff did on May 8, 2020.  ECF No. 12.  That amended complaint is now before the court for screening.

　　　　Unfortunately, the amended complaint now tilts to the opposite extreme: it 85 pages long, proceeds defendant-by-defendant (rather than claim-by-claim), includes dozens of pages of assorted attachments, and has added numerous named and unnamed defendants.  Once again, the

1

court finds that the pleading fails to satisfy Rule 8's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." It also fails to state a claim. The court will give plaintiff another chance to cure pleading deficiencies by filing a second amended complaint within thirty (30) days.

At this stage, the court believes that plaintiff would be best served by a general overview of the major pleading issues and deficiencies that must be cured. First, the court strongly recommends that plaintiff use a complaint form—using attached pages only as necessary—rather than the lengthy, sprawling, defendant-by-defendant structure offered in the first amended complaint. In the court's experience, plaintiffs are almost always able to plead their claims successfully in fewer than 20 pages, and plaintiff need not attach assorted pieces of supporting evidence at this early stage. All of plaintiff's claims appear to concern medical treatment for his scalp problems. If so, he should move quickly and chronologically through the events related to his scalp treatment—and, as described below, must allege more than a delay in treatment.

Second, there is no "supervisory" liability under *Bivens*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Instead, "a plaintiff must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution." *Id*. (emphasis added). At several points in the complaint, *see, e.g.*, ECF No. 12 at 8, plaintiff suggests that defendants are liable because of their supervisory role. This is not enough.

Third, to state a claim that prison medical care violated the Eighth Amendment, plaintiff must plead facts suggesting that each defendant was "deliberately indifferent" to a "serious" medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). This is a two-part test: it requires allegations suggesting that the underlying condition is objectively "serious" and that defendants had a bad state of mind in treating it—a state of mind that goes beyond even medical negligence or malpractice. The court cannot determine whether plaintiff's current allegations meet this standard.

A medical need is serious "if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (internal quotations omitted). While plaintiff's scalp condition may be sufficiently serious, he must plead additional facts clarifying whether and how this is so. Deliberate indifference, meanwhile, requires a showing that "the course of treatment the [medical officials] chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016). This is a high standard. Isolated incidences of neglect do not suffice; nor do mere disagreements over the best course of treatment. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). In addition, a "mere delay" in treatment, "without more, is insufficient to state a claim of deliberate medical indifference." *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Plaintiff must show that the delay "would cause significant harm and that Defendants should have known this to be the case." *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002). Misdiagnosis alone is also insufficient as a basis for a claim. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

Many of plaintiff's allegations appear to suggest that treatment of his scalp problems have been delayed—possibly by misdiagnosis—and plaintiff may be understandably frustrated by such delay, but he must plead more facts to clear the high bar of "deliberate indifference."

**CONCLUSION AND ORDER**

We have screened plaintiff's first amended complaint and find that it fails to satisfy Rule 8's requirement of a "a short and plain statement" and fails to state a claim for which relief may be granted. Plaintiff may file a second amended complaint if he wishes to proceed with this suit. If plaintiff fails to amend his complaint within thirty days, the court will issue findings and recommendations that plaintiff's complaint be dismissed for the reasons stated in this order.

Should plaintiff choose to amend the complaint,[1] the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Again, a concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the original complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly,

1. Within thirty days from the service of this order, plaintiff must file a Second Amended Complaint.

2. Failure to comply with this order will result in the dismissal of this action.

3. The clerk's office is directed to send plaintiff a complaint form.

---

[1] Plaintiff may not change the nature of this suit by adding new, unrelated claims or new, unrelated defendants in his amended complaint. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

4

IT IS SO ORDERED.

Dated:   September 4, 2020

UNITED STATES MAGISTRATE JUDGE

No. 205.