UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN HUFF,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS MOORE, ET. AL.,<br><br>    Defendants. | Case No. 1:19-CV-01248-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 18) |

Pending before the Court is Plaintiff's motion to appoint counsel, filed March 9, 2022. (Doc. No. 18). Plaintiff initiated this action as a federal prisoner by filing a prisoner civil rights complaint under *Bivens*[1] on September 9, 2019. (Doc. No. 1). Plaintiff is proceeding on his Second Amended Complaint, which remains due for a screening. (Doc. No. 16). Plaintiff states he seeks appointment of counsel for a litany of reasons, including, he cannot afford to hire counsel, limited access to the law library, limited knowledge of the law, attempts to secure other counsel to no avail. (Doc. No. 18 at 1-2).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has

---

[1] *Bivens v. Six Unknown Names Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)

discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances*." Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018). Also, Plaintiff's inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel." *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

Plaintiff has not showed exceptional circumstances warrant appointment of counsel at this early stage of the proceedings. Should this case progress and Plaintiff's circumstances change so that he is able to demonstrate exceptional circumstances, he may renew his motion for appointment at counsel at that time.

Accordingly, it is **ORDERED**:

Plaintiff's motion to appoint counsel (Doc. No. 18) is **denied without prejudice**.

Dated: March 25, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE