1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JORDAN HUFF,                          Case No.  1:19-cv-01248-HBK (PC)

12              Plaintiff,                  ORDER GRANTING DEFENDANTS' EX
                                            PARTE APPLICATION TO FILE PRE-
13        v.                                ANSWER MOTION FOR SUMMARY
                                            JUDGMENT
14   THOMAS MOORE, A. MATEVOUSIAN,
     S. LAKE, FNU HESS,                     MOTION FOR SUMMARY JUDGMENT
15                                          DUE JANUARY 31, 2023
              Defendants.
16                                          (Doc. No.  30)

17

18        Pending before the court is the ex parte application for leave to file pre-answer motion for

19   summary judgment regarding exhaustion of administrative remedies on behalf of Defendant

20   Thomas Moore, A Matevousian, and FNU Hess filed October 6, 2022.  (Doc. No. 30).

21   Defendants submit Defendant S. Lake is deceased and cannot be served.[1]  (*Id.* at 1, fn. 1).

22        Defendants contend Plaintiff did not fully and properly exhaust his administrative

23   remedies before initiating the instant action and therefore seek leave to file a pre-answer motion

24   _____

25   [1] Rule 25(a)(1) provides for the dismissal of a party or an action if a motion for substitution is not made
     within ninety days after service of a statement noting the party's death. Fed. R. Civ. P. 25(a)(1).  The Ninth
26   Circuit has held that there are two affirmative steps that trigger the running of the ninety-day period in Rule
     25(a)(1*).  See Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  First, a party must formally suggest the
27   death of the party upon the record. *Id.* (citations omitted).  Second, the suggestion of death must be served
     on parties in accordance with Rule 5 and served on nonparties in accordance with Rule 4. *Id.* (citation
28   omitted); Fed. R. Civ. P. 25(a)(3)).

1   for summary judgment regarding same.  (*Id.* at 1-5).  Defendants further request permission to

2   depose Plaintiff no later than December 15, 2022 limited to the exhaustion issue only, and for an

3   extension of time to file an answer in the event a non-favorable ruling is issued on the exhaustion-

4   based motion for summary judgment.  (*Id.* at 1).  Defendants also request that their pre-answer

5   motion for summary judgment be without prejudice to filing a later motion for summary

6   judgment regarding other issues identifying various cases from the Eastern District of California

7   in support.  (*Id.* at 1, 4)(citing *Garcia v.  Hobmeier*, No. 1:14-cv-00625-LJO-SAB (E.D. Cal.

8   Aug. 23, 2016), *Hoffman v. Preston*, No. 1:16-cv-01617-SAB (E.D. Cal. Aug. 30, 2017); *Barrett*

9   *v. A. Ciolli*, Case No. 1:20-cv-1802-JLT-EPG (E.D. Cal. Apr. 8, 2022) .  Alternatively, if the

10  Court is not inclined to grant Defendant's request, then Defendants seek a forty-five-day

11  extension of time to answer after the Ninth Circuit decides *Hoffman v. Preston*, No 20-15396.

12  (*Id.* at 2).

13          The Prison Litigation Reform Act exhaustion requirement expressly states "[n]o action

14  shall be brought . . . until [the prisoner's] administrative remedies are exhausted." 42 U.S.C. §

15  1997e(a).  The exhaustion requirement is both mandatory and a condition precedent to the filing

16  of a case in federal court.  *Booth v. Churner*, 532 U.S. 731 (2001).  In the Ninth Circuit,

17  exhaustion of administrative remedies must be filed by a motion for summary judgment, not a

18  motion to dismiss under Rule 12(b).  *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014)(en

19  banc), *overruling Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)(permitting exhaustion to be

20  raised in a motion to dismiss and treating it as a matter of abatement).  And herein lies the issue.

21  If Defendants could raise exhaustion by a Rule 12(b) motion, the instant motion would not be

22  necessary because Defendants could first move to dismiss based on exhaustion and if denied,

23  thereafter answer.  *See e.g. Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008).  Such is not the case

24  in the Ninth Circuit.

25          The Federal Rules of Civil Procedure provide that a party must serve an answer within 21

26  days after being served with a summons and complaint or if service has been waived under rule

27  4(d) within 60 days after the request for waiver was sent.  Fed. R. Civ. P. 4(a)(1)(A).  Under Rule

28  56, a party may move with or without supporting affidavits for summary judgment on part or all

of the claims at any time until 30 days after the close of discovery.  Fed. R. Civ. P. 56(b).  This means that party may file a summary judgment motion at any time, even before filing an answer.

In contrast to Rule 12(a)(4), which extends the time to answer when a Rule 12 motion is brought, Rule 56 is silent about whether filing a motion for summary judgment tolls the time to file an answer.  Courts in the Ninth Circuit have concluded that by analogy to Rule 12(a)(4), it is appropriate to extend the time to file the answer until the court decides the motion for summary judgment "where such motion adequately contests the action."  *See Mann v. Lee*, No. 07-007810(MMC), 2009 WL 5178095 (N.D. Cal. Dec. 22,2009); *Klebanow v. New York Produce Exchange*, 344 F.2d 294, 296 n. 1 (2d Cir. 1965)(court has discretion to entertain pre-answer motion for summary judgment).

Here, an exhaustion-based summary judgment motion contests the adequacy of the action.  If Plaintiff did not fully and properly exhaust his available remedies, dismissal is proper.  Indeed, courts are directed to decide exhaustion, if feasible, before reaching the merits.  *Albino*, 747 F.2d 1170.  Thus, in the interests of efficiency and judicial economy, the Court grants Defendants' motion to file a pre-answer motion for summary judgment on exhaustion grounds on an expedited basis, directs limited discovery and tolls the time to answer.

Accordingly, it is **ORDERED**:

1.  Defendants' ex parte motion to file a pre-answer motion for summary judgment (Doc. No. 30) is GRANTED as set forth below.

2.  **No later than January 31, 2023**, Defendants may file an exhaustion-based motion for summary judgment.

3.  The Court permits the following limited discovery:  (a) Plaintiff and Defendants are granted leave to immediately conduct limited discovery relating to the administrative exhaustion issue only.  Any such discovery must be completed **no later than no later than December 15, 2022.**  (b)  Defendant is granted leave under Fed. R. Civ. P. 30(a)(2)(B) to depose Plaintiff **no later than December 15, 2022**.  The deposition is limited to the issue of exhaustion.

4.  Plaintiff's opposition to Defendants' anticipated exhaustion based motion for summary judgment is due twenty-one (21) days after service of the motion for summary judgment.  Local

3

Rule 230(l).

     5. The time for Defendants to file an answer is tolled until the court rules on the exhaustion based motion for summary judgment.

Dated:   October 11, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4