UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN HUFF,<br><br>        Plaintiff,<br><br>    v.<br><br>THOMAS MOORE, ET. AL.,<br><br>        Defendants. | Case No. 1:19-cv-01248-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 32) |

    Pending before the Court is Plaintiff's motion to appoint counsel filed on October 25, 2022. Plaintiff Jordan Huff, a federal prisoner, initiated this action proceeding pro se by filing a civil right complaint. (Doc. No. 1). Plaintiff seeks appointment of counsel because he cannot afford to hire counsel and claims his "case [is] getting complex." (*Id.*). He further states, his imprisonment limits his ability to litigate because he has limited access to the law library. (*Id.*).

    The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other

1 citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances*.*" *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018). The limited access to the prison law library is a normal challenge prisoners face. Normal challenges faced by pro se litigants do not warrant appointment of counsel. *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants."). Contrary to Plaintiff's assertions that the case is getting complex, the case is not so complex that a due process violation will occur absent the presence of counsel. *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993).

Accordingly, it is **ORDERED**:

Plaintiff's motion to appoint counsel (Doc. No. 32) is DENIED.

Dated:   October 27, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2