UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN HUFF,<br><br>        Plaintiff,<br><br>    v.<br><br>T. MOORE, A. MATEVOUSIAN, S. LAKES, and FNU HESS,<br><br>        Defendants. | Case No.  1:19-cv-01248-HBK (PC)<br><br>ORDER GRANTING PLAINTIFF MOTION FOR LEAVE TO FILE LIMITED SURREPLY AND MOTION FOR EXTENSION OF TIME TO FILE SURREPLY<br><br>(Doc. No.  52)<br><br>AUGUST 3, 2023 DEADLINE |

Pending before the Court is Plaintiff's motion for an extension of time to file a surreply, filed on July 11, 2023.  (Doc. No. 52, "Motion").  Plaintiff seeks permission and 10 days to file a surreply not to exceed five pages in length.  (*Id*. at 2 ¶ 7).

Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired.  E.D. Cal. Local Rule 230(l); *see also Garcia v. Biter*, 195 F. Supp.3d at 1131, 1133 (E.D. Cal. July 18, 2016).  The Court generally views motions for leave to file a surreply with disfavor.  *Id.* (citing *U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit inequitable surreply); *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n. 14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply; *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond.

Plaintiff does not claim that Defendants have presented new evidence in reply to his opposition to their summary judgment motion. Instead, Plaintiff explains he wants to file a surreply to address three specific issues "A) [Defendants'] misrepresentation of the administrative remedies; B) the importance of the Bureau of Prisons' Administrative Remedy Process; and C) why most of the cited unpublished opinions should not be considered persuasive by this Court[.]" (Doc. No. 52 at 2 ¶ 6).

While generally courts disfavor the filing of surreplies, the Court will permit pro se Plaintiff leave to file a limited surreply. In so doing, Plaintiff's surreply must only address Defendants' reply (Doc. No. 50), consist of no more than 5 pages in length, and must be delivered to correctional officials for mailing no later than August 3, 2023. No further enlargements of time will be permitted for Plaintiff to file a surreply.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for leave to file a surreply is GRANTED to the extent set forth herein. (Doc. No. 52)

2. Plaintiff may file a surreply to Defendants Hess, Matevousian, and Moore's Reply (Doc. No. 50), consisting of no more than 5 pages in length and addressing only Defendants' Reply, which must be delivered to correctional officials for mailing no later than August 3, 2023. No further extensions of time will be permitted.

Dated: July 14, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE